PER CURIAM.
Stephen Lewis Smith appeals the trial court’s order which granted the State’s motion to clarify sentence and the amended sentences imposed pursuant to that order. The trial court’s order purportedly corrected a clerical error in the sentencing documents. We conclude that the record does not reflect that there was a clerical error to be corrected and reverse the trial court’s order.
On March 2, 1989, Smith entered a no contest plea to two counts of organized fraud, forty-eight counts of sale of unregistered securities, and forty-eight counts of sale of securities by an unregistered dealer. The total sentence imposed was fifteen years’ imprisonment followed by ten years’ probation.
Due to prison overcrowding, on May 4, 1993, Smith was released from prison by order of the Parole Commission, and he began serving his probationary term. An affidavit of violation of probation was filed, and on June 22, 2000, the trial court found Smith to be in violation of his probation. At that time, Smith had served the prison sentences and probationary sentences for all convictions except for the concurrent terms of ten years’ probation imposed for the organized fraud counts.
Sentencing hearings were conducted, and on September 8, 2000, the trial court imposed split sentences of fourteen years’ imprisonment followed by fifteen years’ probation for one count of organized fraud and thirteen years’ imprisonment followed by fifteen years’ probation for the second count of organized fraud. The prison sentences were made to run consecutively while the probationary sentences were to run concurrently. A total sentence of twenty-seven years’ imprisonment followed by fifteen years’ probation was imposed.
On November 17, 2000, a document entitled “State’s Emergency Motion to Clarify Sentence” was filed. In the motion, the State informed the trial court that the Department of Corrections had released Smith from custody on November 9, 2000, based on gaintime credits. The State indicated, “Essentially, the Department applied approximately sixteen years credit against the séntence imposed on each count separately instead of the sentence as a whole. Consequently, the Department decided that the Defendant had served his entire sentence as of the date he was sentenced, September 8, 2000, and released the defendant upon expiration' of sentence.”
In response to the motion, the trial court entered an order on December 1, 2000, granting the motion to clarify sentence and fashioned new sentences which provided for Smith’s confinement in prison. The trial court characterized its action as that of correcting clerical errors to properly reflect the oral pronouncement made at sentencing.
After careful review of the record before us, we hold that there was no clerical error to be corrected. It appears that the trial court did not fully understand the impact that the sentences originally imposed would have. As clearly stated in the recent supreme court opinion of Ashley v. State, 850 So.2d 1265, 1268-69 (Fla.2003), the trial court did not have the authority to alter'the sentences. It appears that the trial court’s actions were motivated by its concern for the rights of the victims and the losses they had suffered as a result of Smith’s fraud.
Accordingly, we are compelled to reverse the order granting the motion to clarify sentence, remand for the trial court to vacate the sentences imposed on December 1, 2000, and direct that the sen *869 tences imposed on September 8, 2000, be reinstated.
Reversed and remanded with directions.
NORTHCUTT, SALCINES, and STRINGER, JJ., concur.